2007 ND 202

**Susan G. NAGEL, Claimant and Appellant**

v.

**WORKFORCE SAFETY AND INSURANCE, Appellee**

and

Sykes Enterprises, Inc., Respondent.

No. 20070120.

Supreme Court of North Dakota.

Dec. 19, 2007.

Rehearing Denied Jan. 28, 2008.

John J. Gosbee, Gosbee Law Office, Mandan, ND, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, ND, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   Susan Nagel appealed from a district court judgment affirming an order of Workforce Safety & Insurance ("WSI") denying Nagel benefits for claims from 1999, 2000 and 2002.  We conclude WSI correctly applied the statute of limitations to Nagel's 1999 and 2000 injuries and the weight of the evidence in the record supports the district court's determination that Nagel did not meet her burden of proving a compensable dental injury for the 2002 claim.  We affirm the district court judgment.

### I.

[¶ 2]   In February 2002, Nagel filed a claim with WSI seeking benefits for injuries resulting from an alleged fall in January 2002 at her workplace, Sykes Enterprises, Inc. ("Sykes").  Nagel claimed several injuries resulted, including injury to her teeth.  WSI denied benefits in May 2002 and issued an Order of Dismissal in September 2002.  Specifically, WSI determined there was insufficient evidence indicating Nagel's dental injuries were caused by the alleged work injury.

[¶ 3]   In October 2003, WSI agreed to pay for a shoulder injury resulting from the 2002 fall but continued to deny liability

for Nagel's teeth. WSI cited the opinion of Dr. Philip Iero, who saw Nagel in April 2002, in determining Nagel failed to prove compensability of her dental injuries. Dr. Iero said fractures to Nagel's teeth most likely occurred on teeth compromised by rampant decay and multiple existing abscesses. He also said it was impossible to tell whether Nagel's teeth fractured because of the abscesses or from another cause.

[¶ 4] Nagel subsequently alleged most of her dental injuries resulted from two falls at Sykes in 1999 and 2000. She stated a fall in November or December of 1999 damaged numerous teeth and a later fall in January 2000 injured another tooth. Nagel claimed the 2002 fall injured one tooth as well. WSI issued an Amended Order in May 2003, rejecting the 1999 and 2000 injuries because Nagel failed to file her claim within one year after those injuries, in accordance with N.D.C.C. § 65–05–01. Nagel requested a hearing by an administrative law judge ("ALJ") on whether she was entitled to benefits for her teeth and whether her 1999 and 2000 injuries were time-barred.

[¶ 5] At a hearing in October 2004, Nagel argued she did not file a claim for benefits in 1999 and 2000 because her employer told her WSI did not cover dental injuries. She stated she sought medical treatment after the January 2000 fall but again did not file a claim with WSI. Nagel testified in detail about the effect of the falls on her teeth. Her family and friends testified to the condition of Nagel's teeth before and after her falls in 1999, 2000 and 2002.

[¶ 6] The ALJ decided Nagel failed to timely file a claim for her 1999 and 2000 injuries after finding out from WSI's 2002 denial that dental injuries are covered. The ALJ also determined, even if the statute of limitations did not apply to those injuries, Nagel did not meet her burden of proving she was entitled to benefits for her teeth regarding the 1999, 2000 and 2002 claims. In an order dated December 22, 2004, WSI adopted the ALJ's findings and affirmed its previous order denying benefits to Nagel for her teeth.

[¶ 7] Nagel appealed WSI's final order to the district court, raising issues regarding Sykes' history of failing to forward injury claims to WSI and providing inaccurate information to Nagel. Nagel also requested to reopen the record to examine certain dental records she contended were forged. The district court remanded to WSI to allow Nagel to pursue discovery from Sykes regarding inaccurate information provided to Nagel and Sykes' failure to provide WSI with proper forms. The district court also ordered that Nagel be allowed to present evidence on contested dental records.

[¶ 8] Subsequently, Nagel requested incident forms from Sykes, pertaining not only to herself but to other employees. Sykes provided forms with employees' names redacted and the ALJ ruled unredacted forms were beyond the scope of discovery. At the hearing on February 15, 2006, Chief of Police Dennis Rohr testified it was highly probable Nagel's signature was forged on a certain medical record. Nagel also stated it was not her signature on the record. The ALJ concluded the evidence presented on remand did not require any changes to the relevant findings of fact and conclusions of law contained in WSI's final order. In February 2007, the district court affirmed the findings of the ALJ and WSI's final order.

[¶ 9] Nagel argues WSI should not apply the statute of limitations if an employer misled an employee to believe a work injury was not covered or if the employer failed to file the first report of notice of injury with WSI. She also argues an em-

ployee can provide objective medical evidence under N.D.C.C. § 65–01–02(10) and an employer that initially questions an employee's claim is a party to the action for purposes of discovery rules. Finally, Nagel argues she met her burden of proving a compensable injury.

## II.

■■■ [¶ 10] On appeal from the district court, we review the decision of the administrative agency in the same manner the district court reviewed the decision of the agency, giving respect to the analysis of the review by the district court. *Swenson v. Workforce Safety & Insurance Fund,* 2007 ND 149, ¶ 21, 738 N.W.2d 892 (citations omitted). We must affirm the order of an administrative agency unless one of the following are present:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a

hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. We exercise restraint in deciding whether WSI's findings of fact are supported by a preponderance of the evidence and do not make independent findings or substitute our judgment for that of WSI. *Swenson,* at ¶ 22. Rather, we determine only whether a reasoning mind reasonably could have decided WSI's findings were proven by the weight of the evidence from the entire record. *Id.* However, questions of law are fully reviewable on appeal. *Id.*

## A.

■■■ [¶ 11] Nagel argues WSI should be estopped from applying the statute of limitations to her 1999 and 2000 injuries because of Sykes' misrepresentations regarding WSI's coverage of dental injuries. No benefits are allowed if a claimant fails to file a written claim within a year after the injury. N.D.C.C. § 65–05–01. The date of injury is "the first date that a reasonable person knew or should have known that the employee suffered a work-related injury and has either lost wages because of a resulting disability or received medical treatment." *Id.*

■■■ [¶ 12] Equitable estoppel may be applied to bar an assertion that a claim was untimely under N.D.C.C. § 65–05–01. *Linnertz v. N.D. Worker's Comp. Bureau,* 502 N.W.2d 528, 530 (N.D.1993). A familiar defense to the bar of late claims is that the lateness resulted from an employer's assurances, misrepresentations, negligence, or even deliberate deceptions. *Id.* at 531 (quoting 2B Arthur Larson, *The Law of Workmen's Compensation,* § 78.45 (1993)). An employer's misleading statements need not be purposely deceptive to estop the employer from relying on a statutory time bar against its injured employee's claim for workers compensation bene-

fits. *Linnertz*, at 532. "[I]t is reasonable for an employee to rely on the employer's presumably greater knowledge of such matters." *Id.* (citation omitted). If WSI is estopped from applying the statute of limitations because an employer's willful conduct prevented an injured employee from filing a timely claim, the employer must reimburse WSI for all benefits paid in the first five years of the claim. N.D.C.C. § 65–05–01.

[¶ 13] An employer may eliminate the tolling of the statute of limitations by clearly notifying the employee of the necessity of filing a claim for workers' compensation benefits within the statutory period. *Linnertz*, at 534 (citing *Jaeger v. Stauffer Chem. Co.*, 198 Mont. 263, 645 P.2d 942, 946 (1982)). This Court has noted, however, "that in certain situations, such as a relapse of a condition caused by a work-related injury, the notifying event for the injured worker might be the disallowance of his workers compensation claim following relapse. . . ." *Id.* at 534 n. 2.

[¶ 14] Even if we were to assume Sykes misinformed Nagel of the compensability of her dental injuries in 1999 or 2000, there was a notifying event when Nagel received WSI's decision dated May 17, 2002, to deny benefits for dental injuries for her 2002 claim. However, Nagel did not file a claim for either the 1999 or 2000 injuries after discovering in May of 2002 that WSI covered dental injuries. Therefore, we hold the 1999 and 2000 injuries are barred as Nagel failed to file a claim for these injuries after the notifying event in May of 2002, which ended the tolling of the statute of limitations for these injuries.

### B.

[¶ 15] Nagel argues no reasoning mind reasonably could have concluded she did not sustain a compensable injury in her fall at Sykes in 2002 based on her testimony. "It is within the Bureau's province to weigh the credibility of the evidence presented." *Grotte v. N.D. Workers' Comp. Bureau*, 489 N.W.2d 875, 878 (N.D.1992). Based on Dr. Iero's statements, as well as the lack of medical documentation to support Nagel's claim, we hold a reasoning mind reasonably could conclude Nagel did not sustain a compensable dental injury in her fall at Sykes in 2002.

[¶ 16] In light of our holding, the other issues raised by Nagel need not be addressed.

[¶ 17] We conclude WSI correctly applied the statute of limitations to Nagel's 1999 and 2000 injuries and the weight of the evidence in the record supports the district court's determination that Nagel did not meet her burden of proving a compensable dental injury for the 2002 claim. We affirm the district court judgment.

[¶ 18] SONJA CLAPP, D.J., and CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 19] The Honorable SONJA CLAPP, D.J., sitting in place of SANDSTROM, J., disqualified.